1

2

3                                                              JS-6

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12   ALBERT LEE MITCHELL,                )    Case No. CV 21-6488-JWH (JEM)
                                         )
13              Petitioner,              )    [Case No. 2:12-cr-00401-KJM (E.D. Cal.)]
                                         )
14        v.                             )
                                         )    SUMMARY DISMISSAL ORDER
15   WARDEN ENGLEMAN,                     )
                                         )
16              Respondent.              )
                                         )

17

18        On August 9, 2021, Albert Lee Mitchell ("Petitioner"), a federal prisoner proceeding

19   pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or

20   "Pet.").  For the reasons set forth below, the Petition should be dismissed.

                              **INTRODUCTION**

21        Petitioner is presently housed at the Federal Correctional Institution at Lompoc ("FCI

22   Lompoc"), which is within the Central District of California.  (Pet. at 1.)[1]  He is serving a

23   sentence that was imposed in the Eastern District of California in the matter of United States

24   v. Mitchell, 2:12-cr-00401-KJM.  (Pet. at 1-2.)

25

26

27

28        [1]  The Court refers to the pages of the Petition as numbered by the CM/ECF system.

1     Petitioner requests that the Court grant him immediate release from the custody of

2  the Bureau of Prisons ("BOP") based on the allegedly deliberate indifferent failure to provide

3  him with needed medical and dental care, protect him from serious physical harm, or take

4  steps to mitigate various health and safety risks including those related to the COVID-19

5  pandemic.  (Pet. at 3-4, 6-7.)  Petitioner argues that the conditions at FCI Lompoc constitute

6  cruel and unusual punishment in violation of the Eighth Amendment.  (Id. at 6-7.)

7                                    **DISCUSSION**

8  **I.      Duty to Screen the Petition**

9     Summary dismissal of a federal habeas petition is required "[i]f it plainly appears from

10 the petition and any attached exhibits that the petitioner is not entitled to relief in the district

11 court."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District

12 Courts ("Habeas Rules"); see also Habeas Rule 1(b) (permitting district courts to apply

13 Habeas Rules to Section 2241 habeas proceedings); Lane v. Feather, 584 F. App'x 843,

14 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section

15 2241 petition).  Moreover, the Court must assess its jurisdiction over a section 2241 petition

16 "before proceeding to any other issue."  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.

17 2000).

18 **II.     The Court Lacks Jurisdiction Over a Request for Compassionate Release**

19     Petitioner seeks immediate release from custody based on his medical condition and

20 exposure to various health and safety risks including those related to the COVID-19

21 pandemic.  (Petition at 3-4, 6-7.)  Although the Petition is labeled as a petition for writ of

22 habeas corpus under 28 U.S.C. § 2241, to the extent that it is actually a disguised motion

23 for compassionate release, it is not properly before this Court.

24     Under 18 U.S.C. § 3582(c)(1)(A), all motions for sentencing reductions, including

25 motions for compassionate release, must be filed in the sentencing court.  See United

26 States v. Ono, 72 F.3d 101, 102 (9th Cir. 1995) (a motion under Section 3582(c) "is

27 undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine

28

the original sentence" (quotation marks omitted)); see also United States v. Rala, 954 F.3d

594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the

sentencing court, a point several Circuits have noted . . . ."); Rodriguez-Aguirre v. Hudgins,

739 F. App'x 489, 491 n.2 (10th Cir. 2018) ("[T]he district court lacked authority to entertain

[petitioner's] request for relief under 18 U.S.C. § 3582(c)(1)(A) because he filed his request

in the district in which he is currently confined rather than in the district that imposed his

sentence."); United States v. Brown, 817 F.3d 486, 488-89 (6th Cir. 2016) ("Because its

purpose is to ask the sentencing court to reduce a sentence . . . , a § 3582(c) motion is part

of the defendant's criminal proceeding." (alterations and internal quotation marks omitted)

(collecting cases)); Bolden v. Ponce, No. CV 20-3870-JFW (MAA), 2020 WL 2097751, at *2

(C.D. Cal. May 1, 2020) (district court lacks authority to grant release under § 3582(c)(1)(A)

based on conditions caused by COVID-19 pandemic because petition was not filed in

sentencing court); Thody v. Swain, No. CV 19-09641-PA (DFM), 2019 WL 7842560, at *2

(C.D. Cal. Nov. 26, 2019) ("[B]y its plain language, 18 U.S.C. § 3582(c)(1)(A) requires

Petitioner to move for reduction in the sentencing court."); Mohrbacher v. Ponce, No. CV

18-00513-DMG (GJS), 2019 WL 161727, at *1 & n.1 (C.D. Cal. Jan. 10, 2019) (same).

    As set forth above, Petitioner was sentenced in the Eastern District of California in

the matter of United States v. Mitchell, Case No. 2:12-cr-00401-KJM.  If Petitioner seeks

compassionate release under Section 3582(c), he must submit a motion to the sentencing

court.

**III.    Petitioner's Claims Are Not Cognizable on Habeas Review**

    A habeas corpus petition under 28 U.S.C. § 2241 is a vehicle for a federal prisoner to

challenge to the execution of his sentence.  Hernandez, 204 F.3d at 864.  Challenges to a

prisoner's conditions of confinement, however, must be brought in a civil rights complaint

rather than a habeas corpus petition.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991);

see also Hill v. McDonough, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the

circumstances of his confinement" must be brought through a civil rights action);

Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any

1   confinement or to particulars affecting its duration are the province of habeas corpus . . . ;

2   requests for relief turning on circumstances of confinement may be presented in a § 1983

3   action.") (citation omitted).  A civil rights action is the "proper remedy" for a prisoner "who is

4   making a constitutional challenge to the conditions of his prison life, but not to the fact or

5   length of his custody."  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Ramirez v.

6   Galaza, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights

7   action instead is appropriate, "where a successful challenge to a prison condition will not

8   necessarily shorten the prisoner's sentence").  "[C]onstitutional claims that merely challenge

9   the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive

10  relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil

11  rights claim "in the first instance."  Nelson v. Campbell, 541 U.S. 637, 643 (2004).

12      Petitioner's claims are based on the alleged failure to provide him with adequate

13  medical and dental treatment, protect him from other prisoners, and take certain health and

14  safety precautions at FCI Lompoc.  These are classic conditions of confinement claims that

15  do not implicate the fact or duration of Petitioner's confinement despite his requested

16  remedy of release from custody.  As such, his allegations sound in civil rights, not in

17  habeas, and the Court declines to exercise its discretion to construe the Petition as a civil

18  rights complaint.  Bolden, 2020 WL 2097751, at *2 & n.1; accord Smith v. Von Blanckensee,

19  No. CV 20-4642-JVS (JEM), 2020 WL 4370954, at *3 (C.D. Cal. Jul. 2, 2020).

20                                          **ORDER**

21      IT IS, THEREFORE, ORDERED that this action is dismissed with prejudice.

22

23  DATED: September 9, 2021

24                                          JOHN W. HOLCOMB
                                            UNITED STATES DISTRICT JUDGE

25

26

27

28